**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DANIELA ALEJANDRA RODRIGUEZ-ROJAS,

Petitioner,

v. No. 26-cv-2044-KWR-GJF

WARDEN, Otero County Processing Center, *et al*,

Respondents,

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is an immigration detainee and is proceeding *pro se*. She alleges her immigration custody violates due process principles and seeks an immediate release from custody. The immigration court entered a removal order on June 22, 2026, and that order is final. *See* https://acis.eoir.justice.gov/en/caseInformation (Executive Office for Immigration Review automated case information website); *Riley v. Bondi*, 606 U.S. 259, 267 (2025) (addressing the finality of removal orders).

Where, as here, the petitioner is subject to a final order of removal, detention is governed by 8 U.S.C. § 1231. The Government is expected to secure a noncitizen's removal within 90 days after the removal order becomes final. *See Zadvydas,* 533 U.S. at 682; 8 U.S.C. § 1231(a)(1). "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a 6-month detention period is presumptively

reasonable. *Zadvydas,* 533 U.S. at 701. "After this 6-month period, … the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id.*

As noted above, Petitioner's final removal order was entered less than 90 days ago on June 22, 2026. She is therefore subject to mandatory detention under 8 U.S.C. § 1231. Petitioner is also not entitled to a bond hearing. *See Gregorio, v. Warden,* 2026 WL 810004, at *2 (E.D. Cal. Mar. 24, 2026) ("Petitioner is … not entitled to a bond hearing because during the 90-day removal period set forth in § 1231(a)(1)(A), his detention is mandatory"); *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing"). By a ruling entered July 31, 2026, the Court directed Petitioner to show cause, if any, why the Petition should not be summarily dismissed as premature. The Order warns that the failure to timely respond will result in dismissal. Petitioner did not file a show-cause response by the August 21, 2026 deadline. The Court will therefore dismiss the Petition (Doc. 1) without prejudice. Petitioner may file a new § 2241 petition after expiration of the six-month period under *Zadvydas* (*i.e.,* after December 22, 2026, at the earliest).

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a judgment closing the civil habeas case.

**SO ORDERED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE